U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAR 22 2010

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARCUS PRINCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-739-A |
| | § | |
| TIM CURRY, DISTRICT ATTORNEY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Plaintiff, Marcus Prince, filed the instant action pro se under 42 U.S.C. § 1983, naming as defendants Tim Curry, District Attorney;[1] Tarrant County, Texas ("County"); Rissie Owens ("Owens"), Chairwoman, Texas Board of Pardons and Paroles ("Board"); Detective Benson, Fort Worth Police Department ("Benson"); and his defense counsel.[2] The substance of plaintiff's complaint, taken from the § 1983 complaint form, is that he

> was illegally charged and sentenced to 4 years in the Texas Department of Criminal Justice--Institutional Division which was served in it's entirety in the Tarrant County Jail, Texas Department of Criminal

---

[1] Joe Shannon was appointed Tarrant County District Attorney in May 2009 following the death of Tim Curry. Accordingly, the court will substitute Joe Shannon ( "Shannon") in place of Tim Curry.

[2] Plaintiff did not identify his defense counsel by name. As the court is dismissing any claims against plaintiff's attorney as not being a proper party to a suit under § 1983, it is unnecessary for the court to determine counsel's name.

Justice--Institutional Division and on mandatory
supervision--parole.  Plaintiff was illegally
classified as a lifetime registrant for the Texas Sex
Offender Registration Statute by the Texas Board of
Pardon and Paroles Division which was a casual
connection to the filing of illegal charge and resulted
in an illegal sentence which denied plaintiff due
process of law.

Compl. at 4.  Attached to the form complaint are several pages of

exhibits and a nine-page memorandum of law.

I.

Background Information

As far as the court can discern from the documents attached

to the complaint, it appears that plaintiff in March 2006 pleaded

guilty to the third degree felony offense of failure to comply

with sexual offender registration requirements.  Plaintiff pleaded

true to the repeat offender notice and the trial court made an

affirmative finding of one prior felony conviction.  Consistent

with the plea agreement, plaintiff was sentenced to four years'

confinement in the Texas Department of Criminal Justice--

Institutional Division.

On February 7, 2009, plaintiff filed a federal petition for

habeas relief pursuant to 28 U.S.C. § 2254, and on February 13,

2009, he filed a state petition for habeas relief.[3]  On April 1,

---

[3]Some of the facts set forth herein are taken from papers on file with the court in plaintiff's
(continued...)

2009, the Texas Court of Criminal Appeals granted the state habeas petition, and on August 11, 2009, plaintiff's federal petition was dismissed as moot. In its order granting plaintiff's habeas petition the Texas Court of Criminal Appeals ordered plaintiff remanded to the custody of the Tarrant County Sheriff to answer the charges set forth in the indictment.[4]

II.

Applicable Law

Because plaintiff is proceeding in forma pauperis, his complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B). As a prisoner seeking redress from government officials, plaintiff's complaint is also subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Both Sections 1915(e)(2)(B) and 1915A(b)(1), in turn, provide for sua sponte dismissal if the

---

[3] (...continued)
petition pursuant to § 2254, filed in case no. 4:09-CV-104-Y. One order from that action is attached as an exhibit to plaintiff's complaint, and the court takes judicial notice of the records in number 4:09-CV-104-Y.

[4] Although the Court of Criminal Appeals agreed that plaintiff should not have been classified a lifetime registrant in the Sex Offender Registration Program, he was required to register as a ten-year registrant. He was released to parole/mandatory supervision around September 16, 1997, then again after revocation in June 1998. Plaintiff was indicted for the failure to register violation on August 8, 2004, and pleaded guilty to the charge on March 16, 2006.

court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.

A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

III.

## Application of Law to Plaintiff's Claims

A.   Claims Against Defense Counsel

Section 1983 imposes liability only upon those individuals and entities that act "under color of state law."  Claims against privately retained or court-appointed attorneys are not cognizable under § 1983 because such are not state actors.  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  Because plaintiff's defense counsel is not a state actor, plaintiff's claims against him must be dismissed.  See West v. Akin, 487 U.S. 42, 49-50 (1988).

Plaintiff correctly contends that a private attorney who conspires with state officials may be liable under § 1983. Mills, 837 F.2d at 679.  However, plaintiff makes only the conclusory assertion that his defense counsel "engaged in a conspiracy with the Assistant District Attorney assigned to prosecute [his case] to deprive [him] of his liberty without due process of law," and that he "instructed defense counsel that he could not be a lifetime registrant, but counsel refused to listen."  Mem. of Law at 3.  As plaintiff offers no other facts

5

to support these allegations, his conclusory assertions are insufficient to state a cause of action under § 1983 against his defense counsel. <u>Mills</u>, 837 F.2d at 679.

B.   <u>Claims Against Shannon</u>

Plaintiff's claims against Shannon are similarly deficient. Plaintiff claims Shannon is liable for prosecuting him for his failure to register as a sex offender.  Shannon, as the Tarrant County District Attorney, is absolutely immune "from liability for initiating prosecutions and other acts intimately associated with the judicial phase of the criminal process."  <u>Johnson v. Kegans</u>, 870 F.2d 992, 995-98 (5th Cir. 1989) (internal citations and quotation marks omitted).

C.   <u>Claims Against Owens</u>

As to Owens, plaintiff contends she was "grossly negligent in failing to assure that the plaintiff was not improperly listed as a lifetime registrant due to the clerical error that lists plaintiff as previously convicted of indecency with a child and not attempted."  Mem. of Law at 4.  Members of the Board are entitled to absolute immunity when performing their adjudicative functions.  <u>Hulsey v. Owens</u>, 63 F.3d 354 (5th Cir. 1995); <u>Cruz v. Skelton</u>, 502 F.2d 1101 (5th Cir. 1974).  The court finds it unnecessary to determine if the allegations against Owens

6

encompass duties for which she is absolutely immune, as plaintiff has alleged only negligence against Owens. A claim of negligence is not actionable under § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

Additionally, article 62.008 of the Texas Code of Criminal Procedure holds that certain persons "are immune from liability for good faith conduct" under the statute, including employees of the Board. As plaintiff does not allege that Owens acted in bad faith in doing anything, she cannot be held liable pursuant to article 62.008.

D.   <u>Claims Against Benson</u>

Plaintiff's claims against Benson must be dismissed for similar reasons. As he did with Owens, plaintiff alleges Benson acted negligently by classifying plaintiff as a lifetime registrant under the Sex Offender Registration Act, and by filing criminal charges with the Tarrant County District Attorney. As discussed <u>supra</u>, plaintiff must demonstrate culpability beyond mere negligence to sustain his claims under § 1983.

Further, plaintiff's claims against Benson are barred by limitations. "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period," which in Texas is two years. <u>Moore</u>

7

v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Although Texas's limitations period applies, "federal law governs when a § 1983 claim accrues, and under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. at 620-21 (internal citations and quotation marks omitted). The limitations period commences "when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." Id. Here, according to the papers attached to the complaint, the limitations period against Benson commenced at the latest in August 2004, when plaintiff was charged and indicted for failure to register. Plaintiff's arrest would have preceded his indictment in August 2004. Plaintiff was thus required to bring suit against Benson by August 2006, at the latest. The instant action, filed in December 2009, is untimely.[5]

E.   Claims Against County

Finally, plaintiff's claims against County also require dismissal. A local government, including a county, may be liable under § 1983 only for its own unconstitutional or illegal

_____

[5]In any event, it appears that Benson acted properly if he was the officer who caused charges to be brought against plaintiff. Although plaintiff was not subject to lifetime registration, he was subject to the ten-year registration requirement. At the time of the violation of the registration statute in 2004, plaintiff had approximately three years remaining on his registration requirement, and his failure to register was in fact a violation.

policies, and not for the tortious acts of its employees under a
respondeat superior theory.[6]   Monell v. New York City Dep't of
Soc. Servs., 436 U.S. 658, 690-91 (1978).   Thus, to hold a county
liable under § 1983 for the acts of its employees, a plaintiff
must initially allege that "an official policy or custom was a
cause in fact of the deprivation of rights inflicted."   Spiller
v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir.
1997) (citing Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521,
525 (5th Cir. 1994)).   To satisfy the "cause in fact"
requirement, a plaintiff must allege that "the custom or policy
served as the moving force behind the [constitutional] violation"
at issue, or that the alleged harm resulted from the execution of
the official policy or custom.   Id. (internal citations omitted).
The allegation of a policy or custom and its relationship to the
underlying constitutional violation cannot be conclusory, but
must contain specific facts.   Id.

        The allegations against County do not satisfy this standard.
Here, plaintiff's allegations of county liability are nothing

---

    [6]Although under Texas law a county is not considered a municipality, Supreme Court and Fifth
Circuit precedent make clear that the municipality analysis applies to "local government," including a
county.  See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)("We conclude, therefore,
that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or
agents."); McMillian v. Monroe County, Ala., 520 U.S. 781 (1997) (applying municipality analysis under
Monell to county-defendant); Brady v. Fort Bend County, 145 F.3d 691 (5th Cir. 1998) (same).

more than legal conclusions masquerading as factual allegations. At most, plaintiff appears to complain that County is liable for the actions of Shannon and the District Attorney's office. However, other than these conclusory allegations, plaintiff provides no factual allegations to support the existence of a policy or custom, or the identity of policymakers, or that the alleged custom or policy was the moving force behind any alleged constitutional violation.  Instead, the complaint sets forth only a "formulaic recitation of the elements" required to establish a local government's liability.  The court concludes that plaintiff's assertions amount to nothing more than improper conclusory allegations insufficient to establish County's liability.  See Spiller, 130 F.3d at 167.

IV.

Order

Therefore,

For the reasons stated herein,

The court ORDERS that all claims and causes of action brought by plaintiff, Marcus Prince, against defendants, Shannon, County,

10

Owens, Benson, and his defense counsel, be, and are hereby,

dismissed.

SIGNED March 22, 2010.

_____

JOHN McBRYDE
United States District Judge